IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-17 GMS |
| CHANDRA SANASSIE, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David C. Weiss and Douglas E. McCann, Assistant United States Attorneys for the District of Delaware, and the defendant, Chandra Sanassie, by and through her attorney, Peter Letang, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to a three count Felony Information. Count 1 charges her with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Counts 2 and 3 charge her with illegal monetary transactions in violation of 18 U.S.C. § 1957. The maximum penalties for Count 1 of the Information are twenty years imprisonment, a $250,000 fine, or, pursuant to 18 U.S.C. § 3571(d) not more than twice the gross gain or loss from the offense (whichever is greater), up to three years supervised release, and a $100 special assessment. The maximum penalties for Counts 2 and 3 of the Information are ten years imprisonment, a $250,000 fine, up to three years supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which she is pleading guilty, that is for Count 1: on or about the dates charged in the Information, two or more persons knowingly conspired, or agreed, to violate Title 18, United States Code, Section 1343, and the defendant joined the conspiracy; and for Counts 2 and 3: on or about the dates charged in the Information, the defendant knowingly wire transferred United States currency in the amounts specified in the Information from an account at Wachovia Bank to accounts at the banks specified in the Information, each monetary transaction was of property of a value greater than $10,000 derived from wire fraud, a specified unlawful activity, the defendant knew that the monetary transactions involved proceeds of a criminal offense, and the monetary transactions in some way or degree affected interstate commerce.

3.  The defendant knowingly, voluntarily, and intelligently admits that:

    A.  beginning in or around March 2007 and continuing until in or around October, 2007, in the District of Delaware and elsewhere, the defendant (i) conspired with A.L. and S.R. to commit wire fraud in that they, (ii) having devised and intending to devise a scheme and artifice to defraud the State of Delaware and certain unidentified owners of unclaimed property, and for obtaining money and property of the same by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice, (iii) did knowingly cause to be transmitted by means of wire communication in interstate commerce, a writing, to wit, a facsimile sent on or about March 30, 2007, by the defendant in or around Englishtown, New Jersey to A.L. at the Bureau of Unclaimed Property of the State

       of Delaware in Wilmington, Delaware, which facsimile submitted a false and fraudulent claim for unclaimed property in the amount of $195,282.12.

   B.   On or about April 17, 2007, in the District of Delaware and elsewhere, (i) the defendant knowingly wired $65,000 from a Wachovia Bank account controlled by her to S.R.'s PNC Bank account, and $65,000 from a Wachovia Bank account controlled by her to S.R.'s Commerce Bank account, (ii) each monetary transaction was of property of a value greater than $10,000 and derived from wire fraud, a specified unlawful activity; (iii) the defendant knew that the monetary transactions involved proceeds of a criminal offense; and (iv) the monetary transactions were conducted through banks whose activities affected interstate commerce.

4.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation

of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

5. Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $300 in special assessments the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide

and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

    9.    The defendant agrees to forfeit all interests in any fraud-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of her offense, including but not limited to $417,406.35. Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

    10.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this, pursuant to Rule 11(b)(1)(J), at the time her guilty plea is accepted.

11. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

///

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Peter Letang, Esquire
Attorney for Defendant

By: _____
David C. Weiss
Douglas E. McCann
Assistant United States Attorneys

_____
Chandra Sanassie
Defendant

Dated: March 25, 2008

AND NOW, this 25th day of March, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

FILED
MAR 2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE